# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 CV 5926 | DATE | September 30, 2011 |
| CASE TITLE | *Willis v. Sears Holdings Management Corp.* | | |

**DOCKET ENTRY TEXT**

Sears Holdings Management Corp.'s objection to Magistrate Judge Kim's July 22, 2011, order granting the plaintiff's motion to compel the production of documents D1851-52 [40-1] is overruled. Sears shall produce the requested documents within 7 days of the date of this order.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

The defendant objects to an order entered by Magistrate Judge Young B. Kim on July 22, 2011, requiring it to produce documents it contends are protected by the attorney-client privilege. Specifically, the order granted the plaintiff's motion to compel production of documents marked D1851-52, an e-mail chain that began (in relevant part) as a message from the plaintiff's supervisor, Kal Gibron, to Sears' deputy general counsel, Stephen Sitley, as well as human resources manager Kyra Patterson. The magistrate judge concluded that the e-mails contained no attorney-client communications but, rather, merely asked "how to address a particularly thorny personnel issue." Magistrate Judge's Order dated July 22, 2011 [39-1]. The defendant objects to the magistrate judge's order under Federal Rule of Civil Procedure 72(a).

The court begins its analysis with the standard of review for motions under Rule 72(a), an issue unaddressed by the parties. Under Rule 72(a), a district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the ruling is clearly erroneous or contrary to law. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

With that standard in mind, the court has carefully reviewed the withheld document and the magistrate judge's ruling ordering that the documents be produced. As discussed above, the document is the printout of an e-mail chain. In the portion of the chain that appears across pages D1851-52, the plaintiff's supervisor, Gibron, solicits the suggestions or thoughts of Sitley and Patterson regarding the plaintiff. Gibron does not explicitly ask for legal advice, nor can any of Gibron's statements made in the e-mail be reasonably construed as asking for legal advice. He merely recounts discussions about the plaintiff and generally asks for suggestions or thoughts from Sitley and Patterson. Indeed, in his response later in the e-mail chain, Sitley states that the issue raised by Gibron is "not a legal issue" but rather a "performance management issue."

**STATEMENT**

The court acknowledges Sears' representation that Sitley is "not simply another in-house lawyer at Sears," but rather "has been officially designated to act as internal legal counsel" from whom managers throughout Sears seek "legal advice in dealing with personnel matters." Objection [40-1] at 2. However, the attorney-client privilege covers only those communications in which legal advice is requested or provided. *See Babych v. Psychiatric Solutions, Inc.*, 271 F.R.D. 603, 610 (N.D. Ill. 2011). Neither has occurred here. Rather, as the magistrate judge aptly put it, the e-mails do not seek legal advice but, rather, concern a "thorny personnel issue." *See id.* (privilege does not extend to communications with in-house attorney acting as a business advisor).

Accordingly, the defendant has not identified any clear error in the the magistrate judge's July 22, 2011, order and, therefore, the defendant's objection to the order is overruled.

rs/cpb